## Pope & Hickman v. Stout.

1. In summary proceedings against officers, when there is a material issue on controverted matters in *pais*, they have a right of trial by jury.
2. The fine to be assessed against sheriffs, coroners and others, for failing to return process under the act of 1807, Sec 31, is within the discretion of the Court trying the cause; and the decision of the Circuit Court on a motion under that section, being on a discretionary power, is not subject to revision in this Court.
3. An execution against a sheriff must be directed to the coroner; and if directed to the sheriff, it cannot be legally executed by the coroner, though delivered to him.

THIS cause was brought into this Court by writ of error sued out by Pope and Hickman, who were also plaintiffs below, to reverse a judgement rendered by the Circuit Court of Morgan county, at April term, 1826, on a summary proceeding against Stout, as coroner of said county, for failing to return according to law, a certain writ of *fieri facias* which had issued on the 18th of November, 1819, from the then Superior Court of said county, then called Cotaco county, in favor of the plaintiffs, against Washington Gray, the then sheriff of said county, for $997 30 debt, $99 70 damages, and $14 37 costs; and which had come to the defendant's hands as it was said.

The notice issued the 29th of March, 1825, and was served on Stout, apprizing him that the motion would be made against him for said default at the April term ensuing. The defendant, Stout, appeared and plead that the *fi. fa.* never did come to his hands as coroner, nor to the hands of any one authorized by him, and concluded to the country; and issue was joined. An agreement was signed, by which the parties consented that the notice might be amended so as to make it sufficient, and that the plea should be considered good in law. An additional plea was afterwards filed by the defendant, denying that he was at the time of the issuance of the *fi. fa.* or at any other time, coroner of said county, to which the plaintiffs replied generally, and issue was joined.

On the trial, the plaintiffs produced an execution, running in the name of Cotaco county, directed to the sheriff of said county, in favor of the plaintiffs, against Washing-

ton Gray, for the amount mentioned in the notice, and issued the 18th of November, 1819. On the back was endorsed the following: "Received. 29th November, 1819, A. Stout, Coroner C. C. Levied on the goods and chattels of W. Gray on the —— day of ———— offered for sale on the —— day of ———— no sale for lack or want of bidders. *A. Stout*, coroner." The plaintiffs then proved orally by the clerk, that the precept was directed to the sheriff instead of the coroner by mistake; that Gray was at the date of the writ and afterwards, the sheriff of the county, then Cotaco, and that Stout was his deputy; also, that Stout was then acting as coroner, though there was no proof that he was commissioned or qualified.

The defendant gave in evidence an entry in the execution docket, made by the clerk, of the issuance of said execution in those words: "*fi. fa.* issued November 18, 1819, to W. Gray sheriff, returnable first Monday in February, 1820," and proved that the endorsement on the writ was not in the hand writing of Stout, but in that of Gray or his brother.

The plaintiff then proved by the clerk that he made said entry, but that it was a mistake; that he did on that day deliver the precept to Stout as coroner; also, that Stout, the defendant, did return the writ into the clerk's office on the 7th of February, 1820. The return was entered also in said docket by the clerk. It was proved that prior to the return of the precept, Gray had, in some instances, written the returns of Stout, as deputy sheriff, on processes, which Stout recognized as his returns, but there was no proof that he had made any such as coroner.

The defendant requested the Court to charge the jury that the precept was void; that the parol evidence should be disregarded; and also, all that which went to shew that Stout acted as coroner. But the Court instructed the jury that if the defendant received the process as coroner and returned it as such, that it was sufficient; that the parol evidence was competent to shew a mistake, and was to be weighed with the other testimony; that if the defendant acted as coroner, it was sufficient to charge him as such without producing his commission; and that if he made or sanctioned the return, then the return was insufficient, and not in obedience to the command of the precept. The jury found for the plaintiff $1637 36, damages besides costs.

The defendant then filed the following reasons in ar-
rest of judgement: 1st. That there was no law authoriz-
ing the trial of such an issue on a motion by a jury. 2nd.
That the only law in existence when this execution issued,
makes the coroner liable upon motion to be fined five per
cent by way of penalty. 3rd. That there is no law making
a coroner liable to a recovery of the amount of the
execution, interest and costs, as here permitted, for failing
to return an execution. The plaintiffs offered and were al-
lowed to remit so much of the verdict as was included for
interest, to which the defendant objected. The Court
sustained the motion in arrest, and gave judgement for
costs in favor of the defendant.

CLAY and M'CLUNG, for the plaintiffs in error.

KELLY and HUTCHINSON, for defendant.

JUDGE PERRY delivered the opinion of the Court.

THE errors assigned are, 1st. That the Court below
erred in arresting the judgement on the reasons assigned
therefor. 2nd. That judgement should have been given
for the plaintiffs on the verdict of the jury. In consider-
ing the first assignment, the attention of the Court is
called to the reasons filed for the arrest of judgement in
the Court below; the first of which has been settled by
a previous decision of this Court, unless a distinction
exists in regard to persons, and the situation they occu-
py in society as regards their relative rights to a trial by
jury, for the ascertainment of facts in a court of justice.
It is believed that no such distinction exists, and that the
various officers whose negligence or other cause subject
them to a summary proceeding by motion, have the same
right to have a controverted fact tried by a jury, as any
other citizen has who may be brought into Court by its
ordinary process, when a material issue is tendered, in-
volving matters in *pais*. In the case of the Tombeckbee
Bank against the State, [a] it was decided by this Court to
be error in the Court below, to refuse the claim of the
corporation to a trial by jury: that was a proceeding by
motion to recover a forfeiture incurred under the reve-
nue law.

The two last reasons in arrest of judgement may be
included in the last assignment of error, which brings to
view the extent of a coroner's liability for failing to re-

48

JANUARY 1828.

Pope & Hickman
v.
Stout.

a Laws Ala. 302.

turn a *fi. fa.* placed in his hands for collection. The liability, if any is incurred, is created by the thirty-first section of an act passed in 1807, [a] which provides " that when any writ of execution or attachment for not performing a decree in chancery, shall come into the possession of any sheriff, coroner or marshal of a corporation, and he shall fail to return the same to the office from whence it issued, on or before the return day thereof, it shall be lawful for the Court, ten days previous notice being given, upon motion of the party injured, to fine such sheriff, coroner or marshal, in any sum not exceeding five dollars per month for every hundred dollars contained in the judgement or decree on which the execution or attachment so by him detained was founded, and so in proportion for any greater or lesser sum, counting the aforesaid months from the return day of the execution or attachment, to the day of rendering judgement for the said fine." From this act it is obvious that the legislature intended to give the Court before which the motion should be made, a discretionary power in fixing the amount of fine which the delinquent officer should pay to the party injured by his negligence. The exercise of this discretion is alone the act of the Court, uncontrolled by the verdict of a jury, as to the amount of fine so to be imposed. When they had tried the issues submitted to them, they had done every thing they were called on to do ; and the Court, from the circumstances of the case, are left to the exercise of that discretion, which it is contemplated by the statute the Court should exercise for the benefit of the injured party. The Court below not having thought proper to impose any fine upon the defendant, but having arrested the judgement, it is presumed there was not sufficient evidence to authorize it, or at least that the plaintiff had sustained no injury; it being the exercise of exclusive original jurisdiction, this Court cannot control it.

It is also the opinion of the Court, that as the record shews that the execution was directed to the sheriff, who was the defendant in the same, the coroner could not legally execute it ; that whenever the sheriff is a party to a suit, or otherwise interested, the process must be directed to the coroner. The judgement must therefore be affirmed.

JUDGE WHITE having presided below did not sit.