## ADAMSON v. PARKER, *et al.*

1. Process intended to be executed by the coroner should be directed to him *eo nomine;* but where a writ directed to the sheriff is executed by the coroner, it will be intended, after a judgment by default, that the direction was proper, and the process received by the sheriff; and as the duties of sheriff, in the event of a vacancy in the office, are devolved upon the coroner by statute, that the contingency had happened and the process was received by the coroner from the sheriff's office.
2. A coroner in discharging the duties of sheriff, may appoint a deputy ; and where a writ is returned " executed, H. J. P. cor. by R. E," the reasonable inference is, that R E. was authorised to act for the coroner.
3. Where a writ issues otherwise than prescribed by law, it must be abated on the plea of the defendant.

Writ of error to the Circuit Court of Tallapoosa.

THIS was an action of *assumpsit* on a promissory note. The writ is addressed " to any sheriff of the State of Alabama," and was returned "executed by H. J. Pickard, cor. by R. Espy." Judgment being rendered against the defendant by default, he has prosecuted a writ of error to this Court.

T. CLAY, for the plaintiff.
HEYDENFELDT, for the defendant.

COLLIER, C. J.—There can be no question, that process intended to be executed by the coroner, should be directed to him *eo nomine.* The statute of 1839, entitled " An act to regulate judicial proceedings," is explicit on this point. But there is nothing in the record to show, that the writ issued in the present case, was not placed in the hands of the sheriff for execution, and went from thence to the coroner, because the office of sheriff became vacant. Now the act of 1826, "the better to secure money in the hands of clerks, sheriffs and coroners," (Aik. Dig. 389,) expressly devolves upon the coroner, the duties of a sheriff in the event of a vacancy in the office of the latter This being the case, we apprehend that it would be competent for the coroner to execute all process remaining in the sheriff's hands unexecuted, at the time the office was vacated.

That the coroner executed the writ in obedience to law, is but a reasonable presumption, in the absence of any thing to the contrary.

Although the return does not express the character in which "R. Espy" executed the writ, yet as he appears *to have* represented the coroner, it must be intended that he was regularly authorised to act. And that the coroner in the discharge of the duties of a sheriff, may appoint a deputy, cannot, as we think, be seriously questioned.

But we need not reason to show, that the proceeding complained of, is *prima facie*, regular. In Nabors v. Thomason, 1 Ala. Rep. 590, it was decided, under the influence of a statute of this State, (Aik. Dig. 278,) that where a writ issues in any other mode than prescribed by law, it must be abated on the plea of the defendant: see also Nabors v. Nabors, 2 Porter's Rep. 162; Jordan v. Bell, 8 Porter's Rep. 53.

The objection we are considering does not go merely to the manner in which the writ was executed, but to the writ itself. The cases cited, are analogous in principle to the present, and serve to show, that to authorise the plaintiff in error to insist upon the irregularity, he should have interposed a plea in abatement in the Court below.

The judgment of the Circuit Court is consequently affirmed.