## SAWYER, ET AL. V. PRICE.

1. Where process is directed to and executed by the coroner, which does not af-
firm the incompetency of the sheriff to act, its irregularity cannot be objected
on error after a judgment by default; but if it was improperly directed, the fact
should have been pleaded in abatement.

WRIT of error to the County Court of Benton.

This was an action of assumpsit, at the suit of the defendant
in error against the plaintiffs, on a promissory note.   The writ is
addressed "To any coroner, &c.," without alleging the incompe-
tency of the sheriff to execute it, and was placed in the hands of
the coroner, who returned thereon that he had duly executed the
same.   No appearance was entered for the defendants, and a
judgment by default was rendered against them.

Bowdon, for the plaintiffs in error.
Wm. B. Martin, for the defendant.

COLLIER, C. J.—It is the duty of the coroner to execute all
process when the sheriff is a party in interest to any suit in the
circuit or county count, and perform all the duties of sheriff, when-
ever, from any cause, he is incompetent to act as such.   [Clay's
Dig. 159, § 3.]   So, when the office of sheriff becomes vacant,
the coroner is required to discharge all the duties which pertain
to that office, under all the penalties and liabilities created by law
for a violation or neglect of duty.   [Clay's Dig. 536, § 10.]   Now,
although the coroner is invested with the functions of a sheriff in
certain cases, it is insisted, that, as the duties of that officer are
devolved upon him only occasionally, it is necessary that process
addressed to him should state upon its face the cause which
makes him legally competent to execute it.   It would certainly
be more regular where the sheriff is incompetent in the particular
case, to state the fact in the writ; yet the omission to do this,
will not so far invalidate process, as to induce a revising court to
vacate a judgment which has been rendered upon the default of
the defendant.   In Nabors v. Thomason, [1 Ala. Rep. N. S.

590,] the writ described the defendant as sheriff, &c., but was directed to any sheriff of the State of Alabama, and executed by the coroner.   The defendant, in the primary court, moved to quash the writ; his motion was overruled, and he sued a writ of error to this court.   It was decided, that the refusal to quash the writ, was not revisable on error; that the defendant should, as the statute directs, have pleaded the irregularity in abatement. [Clay's Dig. 335, § 123.]   In Adamson v. Parker, et al. [3 Ala. Rep. 727,] it was said, that process, intended to be executed by the coroner, should, as the act of 1839 prescribes, be directed to the coroner *eo nomine;* yet it might be intended, where process directed to the sheriff was executed by the coroner, that the duties of the former had devolved upon the latter by the sheriffalty becoming vacant.   That, in such a contingency, the process would be well executed.   [See, also, Jordan v. Bell, 8 Porter's Rep. 53; Ware v. Todd, Adm'r, 1 Ala. Rep. N. S. 199.]

The cases cited all maintain that the form of process, and the irregularity of its execution, can only be taken advantage of by plea in abatement, and apply directly to the case before us.

Without adding any thing further, the judgment of the county court must be affirmed.