## JOHNSON & NORRIS v. McLAUGHLIN.

1. Where the sheriff is the defendant in a judgment, either in his own right, or as an administrator, an execution issued thereon, whether in form a *fieri facias*, or a *venditioni exponas*, should be addressed to the coroner, and if it is directed to the sheriff, and placed in his hands to be executed, himself and sureties are not liable on the summary remedy provided by statute for a default in failing to return it. And in such case, if the execution does not show, that the sheriff is the defendant therein, he may plead the fact as a defence, and establish it by extrinsic proof.
2. Although it may not be an available error to strike out a bad plea, yet a plea which would be good on demurrer, cannot be stricken out on motion.

Error to the Circuit Court of Perry.

THIS was a motion at the suit of the plaintiffs in error, against the defendant, McLaughlin, as sheriff of Perry, and the sureties in his official bond, for the failure to return a writ of execution in the nature of a *venditioni exponas*. The judgment upon which the process was founded, was recovered in the County Court, by the plaintiff, against McLaughlin, *ex officio* administrator *de bonis non* of George Y. W.

Farrer, for the sum of $680 56, damages, besides costs; and the *venditioni exponas* was placed in the hands of McLaughlin on the 14th February, 1840, shortly after the judgment was recovered, commanding him to sell certain real estate therein particularly described.

In the County Court there was a demurrer to the notice, which was overruled, and thereupon defendants pleaded— 1. *Nul tiel record.* 2. A denial of the sheriff's default. 3. That the defendant in execution was sheriff at the time the execution is alledged to have been issued, and not returned, and that the supposed execution in the nature of a *venditioni exponas* was issued against him as administrator of George Y. W. Farrar. The third plea was stricken out on plaintiff's motion; upon the first issue was tried by the court, and determined in favor of the plaintiffs; the second was submitted to a jury, who returned a verdict for the plaintiffs, and judgment was rendered accordingly.

Pending the trial before the jury, a bill of exceptions was sealed at the instance of the defendants, which presents the following points: 1. In the bond of the sheriff and his sureties, one of the sureties was described as Edward W. King, and subscribed it E. W. King; it was proved that his real name was Edwin W. King; thereupon the defendants objected to the admission of the bond to the jury, but the objection was overruled. 2. The defendants offered to prove, that the estate of which McLaughlin was administrator, was insolvent, so that nothing could be made of it, and consequently the plaintiffs were not injured. *Further;* that there were other executions in the same condition with the plaintiffs' as to date of judgment, execution, &c. under which all the property belonging to the intestate's estate that could be reached, was levied on and sold, and the proceeds distributed between them, according to their respective amounts. But this evidence was all excluded on motion of plaintiffs' counsel. 3. When the jury retired to consider their verdict, both parties agreed that the clerk might receive the verdict in the recess of the court, and put it in form. The jury returned a verdict thus; " We, the jury, find for the plaintiff, and assess the damages at $789 44 cts.;" whereupon the plaintiffs' counsel prayed the court to modify the verdict, so as to make

it read thus: "We, the jury, find for the plaintiffs," and an amendment was made accordingly, notwithstanding the defendant's objection.

The judgment rendered in the County Court was reversed by the Circuit Court, on error, and this judgment of reversal is now drawn in question.

G. W. GAYLE, for the plaintiffs in error, made the following points: 1. The administration attaches to the office of sheriff, and not to the person. [Clay's Dig. 222, § 10.] In such case the sheriff has no interest which disqualifies him to execute the process. ]Id. 159, § 2.] But if the law be otherwise, the sheriff waived all objection to the irregularity. [2 Stew. Rep. 462.] A *venditioni exponas* is an execution. [Minor's Rep. 376.] 2. It was discretionary with the court to strike out the third plea, and its rejection was not ground of error. [3 Stew. Rep. 172.] 3. As to the name of the surety, King, whether there was a mistake in point of fact, or not, is unimportant; the bond was correctly described in the notice, and that is sufficient. If it is not his bond, he should have denied the execution of it by plea. 4. The insolvency of Farrar's estate was an immaterial inquiry, and evidence in respect to it properly excluded. [1 Stew. Rep. 63; 5 Porter's Rep. 537.]

The modification of the verdict, so as to make it what the jury intended, viz: to conform to law, was authorized by the consent of the parties. As to the other questions arising upon the bill of exceptions, it is clear that the County Court decided correctly.

A. GRAHAM, (of Perry,) for the defendants, insisted, that the execution in question was a nullity, and the sheriff was not bound to notice it. [4 Ala. Rep. 679; 6 Id. 657; 7 Id. 660.]

The judgment on which the *venditioni exponas* was founded was not rendered against the intestate in his lifetime, but the sheriff, who was administrator *de bonis non;* under such a judgment the real estate of the intestate cannot be sold even by *sci. fa.*, much less by execution. [1 Stew. Rep. 193.]

If this were regular, the sheriff cannot be required to execute process to which he is a party. [1 Stew. Rep. 375; 2 Id. 462.] It may not be error to strike out a bad plea, but it cannot be allowable thus to dispose of a good one. [1 Stew. Rep. 70; 4 Stew. & P. Rep. 326; 3 Ala. Rep. 200.] The bond should have been excluded from the jury, for the mistake in King's first name.

COLLIER, C. J.—The first question to which our attention has been directed is this, was the execution in respect to which the sheriff is charged with a default, properly directed to him, and was he bound, or even authorized, to obey its mandate? The sheriff is the usual executive officer for the service of process, issuing from courts of record, and where he is competent, it should be addressed generally "to any sheriff of the State," &c. [Clay's Dig. 199, § 1; 336, § 132.] And "when any process shall issue, which shall be required to be served or executed by the coroner, the same shall be directed 'to any coroner of the State of Alabama.'" [Id. § 133; Pope & Hickman v. Stout, 1 Stew. Rep. 375; Sewell v. Bates' Adm'r, 2 Stew. Rep. 462; Adamson v. Parker, 3 Ala. Rep. 727.]

It is laid down generally, that when just exception can be taken to the sheriff, because of his interest in the suit, or relationship to either plaintiff or defendant, the process must be awarded to the coroner for execution, instead of the sheriff. [3 Step. Com. 37; 3 Dane's Ab. 62; The State v. Monk. 3 Ala. Rep. 415; Giles v. Brown, 1 Const. Rep. S. C. 230.] If the sheriff be a party, the law requiring the writ to be addressed to the coroner is not merely directory, but if disregarded, it has been held, the court will set aside the process upon an affidavit that the sheriff is interested. [Weston v. Coulson, 1 Bla. Rep. 506.] In Brewer v. Gloucester, 14 Mass. Rep. 216, it was judged to be a good cause to abate a writ, that it was served by an officer, or other person not legally authorized to serve it. [See Adamson v. Parker, et al. 3 Ala. Rep. 727.] It is clearly inferrible from what has been said, that it is not indispensable to the sheriff's disqualification, that he should be a party to the record, or that he should have a pecuniary interest. If he stands in such a re-

Johnson & Norris v. McLaughlin.

lation in respect to one of the parties as would probably make him solicitous for his success, he is incompetent to execute process, in the manner of serving which, he is invested with any latitude of discretion. So solicitous has the law been to secure suitors impartial officers, that it has even been held, that process to which a corporation is a party must be executed by the coroner, if the sheriff be one of its members; or reside within its limits. [8 Mass. Rep. 96 ; 14 Id. 216 ; 17 Pick. 166. But see 1 Greenl. Rep. 361; 4 Pick. 405.]

Perhaps it would have been too much to assume from the notice itself that the defendant in execution was himself the sheriff in whose hands the process was placed, merely because he bore the same name. The third plea, however, asserts such to be the fact, and thus the question was raised, whether an execution against a sheriff, as administrator, can with propriety be directed to any sheriff, &c., and placed in his hands to execute, is he bound to obey its mandate, and are the sureties in his official bond, if he fail to do so, liable for his default ? Although an execution is said to issue from a court, yet the issuing of it by the clerk is a ministerial act, and only derives judicial sanction from its conformity to the judgment. Its direction to any class of executive officers, does not proceed from any thing found in the judgment itself, but from the suggestion of the clerk, whose duty it is to give it the proper form. Hence it is clearly competent for the defendant in execution to object to it for non-conformity to the judgment, or by showing that it was directed to an officer who was incompetent to execute it. Several of the citations we have made, show that for the latter cause, it could be quashed on motion. In the present case, it is true, no formal motion to quash the execution was submitted to the County Court, yet the third plea explicitly alledged the misdirection as a bar to the motion founded on the failure to return it. If it had been necessary to quash the execution, in order to give the sheriff and his sureties the advantage they were entitled to claim from its defectiveness, this plea, in a proceeding not conducted according to strict legal forms, might perhaps have been treated as a motion to quash. Upon a motion to strike out, or on a demurrer, the truth of it should be considered as admitted, and if, upon an issue, a ju-

ry should affirm the truth of the plea, judgment should be rendered in favor of the defendants.

It may be competent to strike out on motion a plea confessedly bad, but it is not allowable thus to dispose of a plea which presents a good bar. In such case it would be error to sustain a demurrer, and surely a plea cannot be held insufficient upon a motion that would be good on demurrer.

The fact that the sheriff was not a party in his own right, but as the administrator of the original debtor, does not the less disqualify him for the execution of the process. He was a party, and certainly interested in the administration of his intestate's estate.

What has been said, is quite enough to show, that the misdirection of the execution did not impose upon the sheriff the obligation to execute it. If it had been quashed, its vitality would have been destroyed, and no motion could have been sustained for the failure to return it.

The receipt of the process by the sheriff, did not cure its defects, and oblige him to obey its mandate, or upon default, subject him to the summary remedy provided by the statute. The obligors in the official bond stipulate for a discharge of duty in respect to all process that can be legally directed; but not that he will be faithful in the performance of duty which the law does not commit to him.

The result of these views is, that the judgment of the Circuit Court is affirmed.