# GRESHAM v. LEVERETT.

1. The coroner has no power to levy, upon an execution directed to the sheriff, and if he does so, as he is a trosspasser, he may return the goods so levied on, to the person from whose possession he took them.

Writ of Error to the Circuit Court of Randolph.

MOTION by the defendant in error, against the plaintiff in

Gresham v. Leverett.

error, as coroner, for failing to make the money on a *fieri facias*, which came to his hands against Peter Usury.

BOWDON, for plaintiff in error.

· S. F. RICE, contra, contended, that as the coroner proceeded upon the writ, and made a·levy, he was estopped from affirming that it was not directed to him.

ORMOND, J.—This case is in all respects like the preceding case of Gresham v. Walker, except that in this case the writ issued to the sheriff of Randolph.

The coroner has no power to execute the process of the court, but in those cases where the sheriff is incompetent to act, and it follows necessarily, that to authorize, or justify him in executing it, it should be directed to him, otherwise he has no authority to act, and is a trespasser. Such was the decision of this court at an early day, in the case of Pope & Hickman v. Stout, 1 Stew. 375. Such also is the express requirement of the statute, (Clay's Dig. 336, § 133,) which requires all process to be served or executed by the coroner, to be directed "to any coroner of the State of Alabama."

The same decision was made in Adamson v. Parker, 3 Ala. Rep. 727, and in Mason v. White, 7 Id. 705, it was held, that where the sheriff had made an actual levy, if by such act he became a trespasser, he was justified in returning the goods to the person from whom he had taken them.

As the writ in this case was no authority to the coroner to seize the goods of the defendant in execution, it follows that he is not liable upon this rule for neglect in not making the money.

Let the judgment be reversed.