## THE GOVERNOR, use, &c. v. LINDSAY, Adm'r.

1. The coroner is not liable to an action, for not executing a writ of execution delivered to him, addressed " to any sheriff of the State of Alabama."
2. A general demurrer to the declaration, is a plea to the merits.

Writ of Error to the Circuit Court of Coosa. Before the Hon. J. D. Phelan.

DEBT by the plaintiff in error, on the official bond of John A. Chapman, coroner of Coosa county, against the defendant's intestate, one of his sureties.

The first breach assigned, was, that an execution of the plaintiff was delivered to Chapman, as coroner, "directed to any sheriff of the State of Alabama," against W. J. Campbell, who was the sheriff of the county, and others, and that he failed and neglected to make the money upon said writ, when by proper diligence he could have done so, &c.

The Governor, &c. v. Lindsay, adm'r.

The defendant demurred to this breach, and the court sustained the demurrer, and the plaintiff declining to plead over, judgment was rendered for the defendant upon the issue of fact.

Upon a continuance of the cause, an agreement was entered of record, that the cause should be tried upon its merits. The judgment of the court upon the demurer is now assigned as error.

J. W. Pryor, for the plaintiff in error.

1. All process shall be directed to any sheriff, &c., and it shall be the duty of any sheriff (or coroner, if the case require it,) to execute it. Clay's Dig. 336, § 132; Acts, 1836. The law required the coroner to execute the process when the sheriff was a party in interest. Clay's Dig. 159, § 2. The coroner then would execute process when the sheriff was a party, though it was directed to the sheriff. The act requiring coroners to execute process to which sheriff was a party, merely in affirmance of the common law. The State v. Monk, 3 Ala. 415-17.

2. The proper course was, to have suggested on the record, that the sheriff was a party, &c. Bastard v. Truck, 30 E. C. L. R. 131. But this omission was mere matter of form, and might have been done by way of amendment, at any time. Bastard v. Truck, 30 E. C. L. 131; Smith v. Redus, 9 Ala. 99, 101; Sickler v. Overton, 3 Bar. 325; Purcell v. McFarland, 1 Ired. L. 34, 35; Clark v. Hellen, 1 Ire. 421; Chadwick v. Divol, 12 Verm. 499, 503.

3. To direct process to any sheriff, when the sheriff is a defendant, is a mere irregularity, not reaching the merits of the question. Nabors v. Thompson, 1 Ala. 590-1. The record shows it was agreed that the cause should be tried on its merits.

As to the power of the courts to allow or presume amendments—Cawthorn v. Knight, 11 Ala. 579; Sheppard v. Mallory, 12 Ib. 561.

Though the proper direction of process of attachment is to the sheriff, yet a judgment will not be reversed because the attachment is directed to "any lawful officer," if it is executed by the proper officer. Ware v. Todd, 1 Ala. 199.

W. W. MORRIS, contra.

1. The only question raised is on the demurrer to the first breach assigned. That breach alledges, that the execution on which we are sought to be charged, was directed to any sheriff of the State of Alabama, by which writ said sheriff was commanded, &c. That at the date of the issuance of said *fi. fa.* W. J. Campbell was sheriff of said county, *&c.* That the writ was delivered to J. A. Chapman, who was coroner of said county.

2. Admitting the above facts, and the plaintiff has no right to recover; the demurrer was rightfully sustained. Gresham v. Leverett, 10 Ala. 384; Pope & Hickman v. Stout, 1 Stew. 375; Clay's Dig. 336, § 133.

3. On the 13th October, 1845, the parties agreed to try the case on the merits. On the 12th April, 1847, the demurrer was sustained to the declaration, the plaintiff took an order to amend; the amended declaration is the one shown in the record. The agreement can cut no figure; a trial on demurrer is a trial on the merits. The plaintiff concedes this, by waiving the agreement and amending his declaration.

COLLIER, C. J.—Our statute *in totidem verbis* requires all process which is to be executed by the coroner, to be directed to any coroner of the State of Alabama.— Clay's Dig. 336, § 133. And long previous to this enactment, it was held, that to authorize the coroner to execute process, it should be directed to him *eo nomine.* Pope & Hickman v. Stout, 1 Stew. Rep. 375. In Adamson v. Parker, et al. 3 Ala. 727, such was held to be the effect of the act; and if the coroner levies an execution directed to the sheriff, he becomes a trespasser, and may restore the goods levied on to the possession of the person from whom he took them. Gresham v. Leverett, 10 Ala. 384. The first count of the declaration explicitly negatives the fact that the coroner was discharging the duties of sheriff, which, in the event of a vacancy in that office, are devolved on him by the act of 1826, (Clay's Dig. 536, § 10,) by alledging that the *fi fa.* was delivered to him to execute, because one of the de-

fendants therein was the sheriff of Coosa, when it was issued and returnable, and during the intervening period. There is then no intendment, upon which the direction of the execution to the sheriff, can be held to confer power upon the coroner to enforce its mandate ; and the failure to proceed under it, cannot therefore be a breach of his official bond. See Adamson v. Parker et al. *supra.* This being the case, the first count set out no cause of action, and the demurrer was rightfully sustained.

In respect to the agreement of the counsel to try the cause on its merits, if it could avail any thing, it should have been brought to the view of the circuit court, as a reason why the demurrer should not be entertained. But upon the demurrer being interposed without objection, the court was not bound to look beyond the declaration, and apply the agreement as an estoppel. If the plaintiff did not insist upon it, it might very well be supposed, that he claimed nothing under it.

But conceding that the court should *mero motu* have looked to the agreement, and considered its effect, and we think it cannot be held that the demurrer did not reach the merits of the case. It is not indispensable to a trial upon the merits of the controversy, that the cause should be passed on by a jury ; but a defence upon an issue at law, may be quite as meritorious as if proof were adduced, and the facts litigated. A general demurrer, the only description known to our practice, since the act of 1824, in legal effect, says to the plaintiff, admitting the truth of all your allegations, and you have not shown a cause of action against the defendant ; and the decision of the legal question is referred to the court. In thus answering the action, it is difficult either upon principle or authority, to discover any thing offensive to justice. If the *fieri facias* which was placed in the hands of the coroner, could not be executed by him without subjecting himself to an action of trespass, it would be exceedingly unjust and unreasonable to make him respond in damages, for failing to do that which the law prohibited. Such is the character and purpose of the plaintiff's action, and we can see no ground upon which it can be held that the demurrer is not replete with merits.

The decisions of this, and all other courts, have been most

liberal in allowing the amendment, both of mesne and final
process, but no amendment of the *fi. fa.* in question could be
made, so as to subject the coroner to an action, for not mak-
ing the money on it, when if he had levied it, he would have
been (as we have seen) a trespasser.   Such an effect would
thwart the very object of amendments—the promotion of
justice.

This view is decisive of the case, and the judgment is con-
sequently affirmed.