# Jones *v.* Calloway's Adm'r.

*Motion by Sheriff for Instructions as to Application of Money on Executions.*

1. *Who may appeal.*—When a sheriff asks the instructions of the court, as to the application of money in his hands, collected under two or more executions; and the several plaintiffs in execution appear, and submit their respective claims to the decision of the court; an appeal lies, by the established practice of this court, in favor of a party injured by the decision.

2. *Execution from justice's court; by whom levied.*—Prior to the passage of the act approved February 26, 1875 (Sess. Acts 1874-5, p. 180), an execution issued by a justice of the peace, or by a notary public acting as a justice, though improperly directed to the sheriff, could only be levied by a constable (Rev. Code, §§ 3231, 3242), and a levy by the sheriff was void.

3. *Order for sale of lands, under execution from justice's court.*—An order for the sale of lands, granted by the Circuit Court, under the levy of an execution issued by a justice of the peace, is void, when either the execution or the levy is void.

APPEAL from the Circuit Court of Hale.

The record does not show the name of the presiding judge.

In this case, the sheriff of the county made application to the court, by motion entered on the docket, at the April term, 1875, for instructions as to the appropriation of moneys in his hands, arising from the sale of lands belonging to Mrs. Maria S. Poe, under executions against her. At the time of the sale, there was in the hands of the sheriff an exe

cution in favor of Madison Jones, issued on the 28th October, 1874, on a judgment which he had recovered in said court, against said Maria S. Poe, on the 27th March, 1874; and also a *venditioni exponas*, issued on an order of sale granted by said court on the 31st October, 1874, in a case in which D. M. Calloway, as administrator of Mrs. Z. Calloway, deceased, had recovered a judgment against the said Maria S. Poe, on the 11th March, 1874, before a notary public acting as a justice of the peace, and an execution thereon had been levied on the same lands, in default of personal property. The execution on Calloway's judgment was directed to the sheriff of the county, and was levied by him on the 28th April, 1874; and the papers were thereupon returned to the court by the said notary, for an order of sale. The motion stated these facts, and asked the instructions of the court as to the application of the money. The judgment entry recites, that the said Jones and Calloway appeared, and propounded their respective claims, and asked the decision of the court thereon; and the facts being admitted as stated in the motion, the court decided that the execution in favor of said Jones was entitled to priority, and must be paid in full; to which decision and judgment the said Calloway excepted. There is no bill of exceptions in the record. The appeal is sued out by Calloway, and the judgment of the court below is assigned as error. There seems to have been a motion to dismiss the appeal, but it is not entered on the motion docket.

J. J. GARRETT, for the appellant.

THOS. J. SEAY, *contra.*

BRICKELL, C. J.—It has long been the established practice of the courts of this State, for a sheriff, or other ministerial officer, receiving money under process in favor of different plaintiffs, each claiming priority of satisfaction, to seek the advice and direction of the court to which the process is returnable, as to its application. Notice is given to the parties, who come in, and submit their respective claims to the decision of the court. The proceeding then becomes a suit between these parties, and appeals or writs of error, at the instance of the party feeling aggrieved by the judgment rendered, have been uniformly sustained.—*Henderson v Richardson*, 5 Ala. 349; *Turner v. Lawrence*, 11 Ala. 426; *Langdon v. Raiford*, 20 Ala. 532; *Br. Bank at Decatur v. McCollum*, 20 Ala. 280. This was the practice pursued in the

[Jones v. Culloway's Adm'r.]

present case; and the motion to dismiss the appeal must be overruled.

2. The *venditioni exponas*, under which the appellee claimed and obtained priority over the execution of the appellant, was void, not merely irregular. The original process, on which it is founded, was an execution issued by a justice of the peace, or rather a notary public exercising the jurisdiction of a justice, founded on a judgment by him rendered, returnable before him of necessity. All executions issued by a justice of the peace, or a notary acting as justice, the statute requires shall be directed "to any constable of the county."—R. C. § 3231. This execution, addressed to the sheriff, in violation of the statute, would not have afforded a justification to the sheriff; nor would he have been guilty of official default, if he had failed in obeying its mandate.—*Governor v. Lindsay*, 14 Ala. 658; *Pope & Hickman v. Stout*, 1 Stew. 375; *Gresham v. Leverett*, 10 Ala. 384.

Prior to the statute approved February 26, 1875 (Pamph. Acts 1874-5, p. 180), there was no general statute, which authorized sheriffs, except in proceedings for forcible or unlawful entry or detainer, to execute civil process, issued by and returnable to a justice of the peace. All such process was issued "to any constable of the county," who alone had authority to execute and return it. The legislative intent, that only constables should execute and return such process, is no where in the statutes more plainly indicated, than in the provisions authorizing the levy of a justice's execution on lands. The mandate of such an execution. is, in terms, confined to goods and chattels. Without the aid of a statute, a levy of such an execution on lands would be unwarranted. The statute authorizes such levy, only *when the defendant has no personal property known to the constable, or it is insufficient to satisfy the execution, and he indorses the fact on the execution.* Having made the levy, the execution is by him returnable to the justice, who transmits all the papers to the Circuit Court. If the proceedings are regular, the Circuit Court has jurisdiction to direct a sale of the lands, for the satisfaction of the judgment. The order of sale being granted, the clerk is required to record all the proceedings before the justice, together *with the return of the constable.*—R. C. §§ 3242-45. It is manifest the statute contemplates a levy of the execution by a constable only, and that such levy is indispensable to the validity of the subsequent proceedings in the Circuit Court. The execution was issued and levied prior to the statute of February 26, 1875, to which we have referred, and, of course, is governed by the pre-existing statutes. The levy by the sheriff was without authority of law.

[David's Adm'r v. David.]

3. The order of sale, granted by the Circuit Court, cannot impart any vitality to the execution, or the levy. Whatever may be the effect of such an order, in curing mere irregularities, when collaterally assailed, jurisdiction in the Circuit Court is essential to its validity. If it is apparent from the record that the court was without jurisdiction, the order is not merely voidable, but void. The jurisdiction is purely statutory, and it could be called into exercise, under the statutes existing when this order was made, only by the levy of a constable. That was the primary fact on which its existence depended. The record not merely failing to affirm, but negativing the existence of this fact, the order is *coram non judice.*—*Foster v. Glazener,* 27 Ala. 391; *Gunn v. Howell,* 27 Ala. 663. Consequently, the Circuit Court erred, in awarding that any part of the moneys in the hands of the sheriff should be paid to the appellee.

The judgment is reversed, and the cause is remanded.