Prudden v. Lindsley.

## TIMOTHY H. PRUDDEN

*v.*

## OSCAR LINDSLEY and others.

Generally this court will not set aside a verdict on an issue at law, where the judge before whom such issue was .tried certifies that he is satisfied with the verdict, and that it ought to be regarded as conclusive on the questions submitted to the jury.

Motion for final decree on remittitur from the court of errors and appeals, and counter motion to set aside the verdict on the issue.

*Mr. H. C. Pitney,* for the motion

*Mr. A. Mills* and *Mr. B. Williamson, contra.*

THE CHANCELLOR.

On the coming up of the verdict of the jury on the issue at law, a motion was made to set it aside on the ground that, inasmuch as the title to the land on which the alleged highway is, was held in trust " for the use of the school in Green Village, or the building of a school-house, or, if it should be required to be put to that use, to be kept for the use of the school in Green Village as long as grass grows and water runs," from 1813 (since which time the alleged highway has been created), no dedication can be presumed, because no grant can be presumed, seeing that the trustees could not have granted to the public the easement claimed, without a breach of their trust; and the right of highway was claimed on the ground of presumed dedication by the trustees. *Prudden* v. *Lindsley, 1 Stew. 378.* The motion was successful, this court entertaining that view in regard to the presumed dedication. On that ground alone, and because it was undeniable and, indeed, was admitted,

Prudden v. Lindsley.

that the land was so held in trust from 1813, and the alleged dedication was admitted to have taken place at a time subsequent thereto, the bill was dismissed.

The evidence taken in the trial at law was not, as appears from the opinion, used as evidence in the cause in any way for the determination of the merits of the controversy, nor did this court undertake to dispose of the case on the testimony adduced on the trial of the issue, although, in the opinion, there are strictures upon it; but the bill was dismissed solely on the ground that the existence of the trust from a period anterior to the alleged dedication and ever since, forbade the presumption of dedication.

On appeal, the decree of dismissal was reversed and the cause remitted to this court to be proceeded in. *Prudden* v. *Lindsley, 2 Stew. 615.* A motion is now made on behalf of the defendants to set aside the verdict, and, on behalf of the complainant, a motion is made for a decree that the injunction be made perpetual.

The appellate tribunal held that the trustees might dedicate the land to public uses not incompatible with the trust, and that an adverse public user for the purpose of a highway, of the land so held in trust, continuing for twenty years, would establish the highway against both the trustees and their *cestuis que trust*, whether consistent with the trust or not, and although the trust is for the benefit of the public or a part of it. If then, the verdict has established to the satisfaction of this court a free and uninterrupted use of the road by the public for twenty years, with the acquiescence of or adversely to the trustees, the controversy between the parties is ended in favor of the complainant.

The questions to be determined by the jury, as stated by the issue, were, whether there was a public road on the school-house lot, and, if there was, how long it had existed, and whether it bounded along its southerly side the complainant's land. The jury found that there was a public road on the premises, that it had existed for twenty-three years and bounded on its northerly side the complainant's

land.   The judge before whom the issue was tried, certifies that the questions of fact were supported on both sides by a multitude of witnesses, and were presented in a manner that made the verdict upon them, as he thinks, conclusive, and he adds that he is, therefore, satisfied with the verdict rendered as to its result in finding a highway.

Generally this court will not set aside a verdict solely on the ground that it was against the evidence, if the judge certifies that he is not dissatisfied with it.   *2 Dan. Ch. Pr. 1121; Gibbs* v. *Hooper, 2 Myl. & K. 353.*

In this case the judge goes farther, and certifies not only that he is satisfied with the verdict, but that it ought, under the circumstances, to be regarded as conclusive on the questions submitted to the jury.   The questions were fairly submitted to the jury by a charge which instructed them that, in order to find that there was a highway, it must appear that there was dedication or adverse public user for twenty years.   The greater part of the evidence was directed to the question of user.   That the jury found the verdict upon adverse user by the public for twenty years, and not on dedication by the act of building the iron fence, is evident from the fact that the period mentioned in it extends back beyond the time of the building of the fence, which was either in 1854 or 1855.   There was a conflict of testimony as to the year in which it was built.   They found that the property in dispute had been used as a highway for over twenty-three years, that is, as far back as 1852 (the suit was begun April 21st, 1875, and the verdict was rendered in December following), at least two years before the fence was built.   It is therefore evident that the verdict did not depend on the proof of dedication as evidenced by the building of the fence, but that it was found on the evidence of user.

I have carefully considered the evidence, and see no reason for putting the parties to the expense of another trial at law, or of further litigation in this court.   The motion for a new trial will be denied, and the injunction will be made perpetual.