## HENDERSON v. RICHARDSON.

1. A plaintiff in execution stated to the court in writing, that the sheriff had collected of a defendant a large sum of money on executions in his hands, (some of which were in favor of the plaintiff,) and concluded with an affirmation that the money should be applied to the satisfaction of his judgments and executions:— *Held*, that although the plaintiff might have moved against the sheriff, for the failure to pay over the money upon his executions, yet upon the suggestion made, no judgment could be rendered against the sheriff, on which a writ of error could be sued out.

The defendant in error stated in writing to the Circuit Court of Conecuh, that the plaintiff as the sheriff of that county, had, by the sale of lands, collected a large sum of money on executions

placed in his hands against William A. Bell. The judgments, executions, time of the issuance, &c., are particularly described. Two of these executions are in favor of the defendant. The statement concludes as follows : "And so the said Stephen C. Richardson affirms that it should be applied to the payment and satisfaction of his said judgment and executions."

The plaintiff in the other executions interposed and stated reasons why the judgments in favor of Richardson, though of an older date than theirs, had lost their lien, and insisted upon the right to be first satisfied.

The order made by the court treats the matter as raising a question between Richardson and Henderson, declares that as the judgments were older than those in favor of the other creditors whose executions the sheriff also held, they were intitled to be first paid, and concludes as follows : "It is therefore ordered, that the said David F. Henderson, sheriff as aforesaid, do apply the said monies arising from the sale of said real estate of said William A. Bell, to the payment and satisfaction of of said judgments of said Stephen C. Richardson, against the said William A. Bell."

No where is the proceeding noticed as a motion against the sheriff to compel him to pay over money which he improperly withholds; but it is characterized as a motion for the application of monies.

To revise the order of the circuit court, the sheriff has prosecuted a writ of error.

BLOUNT, for the plaintiff in error.
PECK & CLARK, for the defendant.

COLLIER, C. J.—A sheriff who has collected money on executions in favor of different plaintiffs, each of whom is claiming a priority, may seek the advice and direction of the court as to its application ; but the order which may be rendered thereupon, cannot be regarded as conclusive upon the rights of parties whose interests are affected, or afford a warrant for the action of the sheriff; unless they are all brought before the court by notice, or voluntarily appear. When therefore, the sheriff is in doubt as to the appropriation of money collected, he should make a statement of the facts, and ask the appropriate order ; and that

Henderson v. Richardson.

this may be obligatory upon all concerned, they should be duly notified, that they may come in, make themselves parties, and submit their claims to the court for decision.  When this course is pursued, the proceeding assumes the form of a legal controversy; and any person appearing to be interested may have the matter reviewed on error.  [Wheeler & McCurdy v. Kennedy, 1 Ala. Rep. N. S. 292.  See also, Zurcher v. Magee, 2 Ala. Rep. N. S. 253.]

In the present case the sheriff himself does not appear to have submitted a motion to the court for the purpose of his own protection, but it was made by a plaintiff in two of the executions.— No such motion was authorised by law.  If the plaintiff in the executions had so elected, he might have moved under the statute, against the sheriff, to compel him to pay over the amount collected thereupon; and if judgments had been rendered against the sheriff he might have sued out a writ of error.  But the order we are called on to revise is not definitive of the rights of the parties, is wholly unauthorised, and does not afford a warrant for an execution.  If it had been made upon the application of the sheriff for advice, it would have been alike inconclusive, and could not have been reviewed upon any direct proceeding by him; but to have given to it the dignity of a judgment, parties should have been made in the manner we have indicated.

The writ of error must be dismissed.