# Long *v.* Musgrove.

## *Action for Slander.*

1. *Action for slander; when complaint insufficient.*—In an action for slander, if the words used are susceptible of two meanings, the one harmful and the other innocent, if they be ambiguous, or unmeaning in the absence of other stated facts, or if it be charged that they were uttered in irony, the pleader must set forth enough antecedent or attendant facts to raise the implication that the offensive charge was intended ; merely asserting that the utterer intended to charge a particular crime, is not sufficient, unless the unaided words have that import.

2. *Same.*—Thus tested, it was held that a count in slander in the complaint in this case was insufficient on demurrer.

3. *Same; when charge free from error.*—In an action for slander, in charging plaintiff with the larceny of ballot boxes, a charge given at the defendant's request, instructing the jury that "larceny means the felonious and fraudulent taking of another's property, with the felonious intent to deprive the owner of the property, or to convert it to his own use ; and if the jury believe that the words spoken by the defendant were not intended to convey, and did not convey to those who heard it the meaning that the plaintiff stole the ballot boxes for such a purpose, and with such felonious intent, then they must find for the defendant," is free from any error of which the plaintiff can complain.

APPEAL from Walker Circuit Court.

Tried before Hon. S. H. SPROTT.

The nature of this action is sufficiently stated in the opinion. The third count of the complaint is in these words : " And the plaintiff claims of the defendant the further sum of two thousand five hundred dollars, as damages for falsely and maliciously charging the plaintiff with larceny, by speaking of and concerning him in the presence of divers persons, in substance as follows : That on the night the ballot boxes were stolen from the sheriff's office, he, defendant, was up in town looking for Buddie, and thought he was on the court house steps, and when he got up there, or near there, he saw T. J. King, J. B. Lollar and B. M. Long, meaning plaintiff, sitting on the steps, about 9 o'clock at night, and that the same persons were seen at the Baptist church the same night, about 12 or 1 o'clock, to-wit, on or about the —— day of August, 1882. And plaintiff avers that the defendant thereby intended to create in the minds of the persons who heard him, the impression that the plaintiff had aided in stealing the said ballot boxes from the sheriff's office aforesaid. And plaintiff further avers that the said words, spoken by the defendant as aforesaid, were so understood by the persons who heard him, and by many others to whom they were told, to the injury of the plaintiff as aforesaid."

The charge referred to in the opinion, given at the defendant's request, is as follows: " Larceny means the felonious and fraudulent taking of another's property, with the felonious intent to deprive the owner of the property, or to convert it to his own use; and if the jury believe that the words spoken by the defendant, Musgrove, were not intended to convey, and did not convey to those who heard it, the meaning that Long stole the ballot boxes for such a purpose, and with such felonious intent, then they must find for the defendant." To this charge the plaintiff excepted.

The rulings of the circuit court in sustaining a demurrer interposed to the third count of the complaint, and in giving the charge requested by the defendant, are here assigned as error.

RICE & WILEY, for appellant. (1) The count to which the demurrer was interposed is sufficient.—*Holt v. Turpin*, 78 Ky. 433 ; *Lemons v. Wells*, *Ib.* 117 ; *Logan v. Logan*, 77 Ind. 558 ; *Feder v. Herrick*, 43 N. J. (L.) 24 ; *Foval v. Hallett*, 10 Ill. App. 265 ; *Campbell v. Campbell*, 54 Wis. 90 ; 13 U. S. Dig. (N. S.) pp. 560, 561, 563 ; *Walker v. Flynn*, 130 Mass. 151 ; *Works v. Stevens*, 76 Ind. 181. (2) The charge of the court to which exception was taken, is certainly *too exacting ;* and it certainly required more evidence or proof to make out a larceny than any law book ever required. And as the charge is one which this court is unable to pronounce free from error,

[Long v. Musgrove.]

or in conformity to law, no court can say it did not injure the appellant; for no court is able to tell what effect such charge had on the jury.

H. C. Tompkins, with whom were Hewitt & Walker, and T. W. Coleman, *contra.* (1) The words alleged in the third count as having been uttered by the appellee, are harmless, unless taken in connection with the proper averments, setting out that the crime had been committed, and the proper *colloquium,* showing their reference to the larceny of the ballot boxes. There is no reference in this count to the allegations of any other count, and taken by itself, it is wholly insufficient.—*Robinson v. Drummond,* 24 Ala. 174; *Smith v. Gaffard,* 31 Ala. 45; 2 Add. on Torts, p. 974, note к, and authorities cited. (2) There is no error in the charge given. The definition of larceny there given substantially conforms to the definition given by the elementary law writers and with the decisions of our court.—2 Bish. on Crim. Law (5th Ed.), § 757; *State v. Hawkins,* 8 ·Port. 461; *Spivey v. The State,* 26 Ala. 90. There is no slander unless the words spoken charge the commission of an indictable offense, involving moral turpitude, or drawing after it an infamous punishment.—2 Brick. Dig. p. 202, § 5; 2 Add. on Torts, p. 955 and notes. Here it is alleged that the offense charged was larceny. Under this complaint, then, there could be no recovery unless the jury were satisfied that the words used by appellee were intended to convey, and did convey the imputation that Long had committed the offense known to the law as larceny, and indictable. *Kirksey v. Fike,* 29 Ala. 206; 2 Add. on Torts, pp. 956–7 and notes; *Wright v. Lindsay,* 20 Ala. 428.

STONE, J.—The present was an action for slanderous words, alleged to have been uttered by appellee, of and concerning appellant. In the first and second counts, the alleged words import a charge of larceny of ballot boxes. The words charged in the third count do not, unaided, impute the commission of any indictable offense. This count avers that by the utterance of the words charged, the defendant falsely and maliciously charged the plaintiff with larceny, and that thereby he, the defendant, intended to create in the minds of the persons who heard him, the impression that the plaintiff had aided in stealing the ballot boxes from the sheriff's office, and that said words were so understood by the persons who heard him, and by many others, to whom they were told. The language of this count which immediately precedes the words alleged to be slanderous, is as follows: " That on the night the ballot boxes were stolen from the sheriff's office, he, the defendant,"

[Long v. Musgrove.]

etc. We have stated the substance of all that is charged in the count, except the words supposed to be slanderous, and which, as we have said, on their face impute no crime, nor act of moral turpitude. There was a demurrer to this count, which the court sustained.

Pleadings in actions of slander have been greatly simplified. When the words complained of import and impute a crime, then the complaint may be very simple and brief. But the slanderer does not always express himself in direct terms. If the words used are susceptible of two meanings, the one harmful and the other innocent, if they be ambiguous, or unmeaning in the absence of other stated facts, or if it be charged they are uttered in irony, then the pleader must set forth enough antecedent or attendant facts to raise the implication that the offensive charge was intended. Merely asserting that the utterer intended to charge a particular crime, is not enough, unless the unaided words import so much. Hence the use of what are called in the books inducement, or occasion, and the *colloquium*. These give point and direction to what would otherwise seem innocuous. - Odgers on Sl. & Lib. 118.

In the count we are considering, there is no averment that ballot boxes had been stolen, or that they were reputed to have been stolen. Nor is there averment that the sheriff's office was in the court-house. That is its usual place, but so important a factor in giving point to the circumstance, in itself innocent, of the plaintiff's presence at the court house at 9 o'clock at night, should not be left to inference. Nor can we perceive any connection between the plaintiff's presence at the Baptist church, at 12 or 1 o'clock that night, and the supposed larceny of the ballot boxes. The demurrer to this count was rightly sustained.—Townsend on Slander, §§ 132 *et seq.;* 2 Addison on Torts, 974, note k; *Campbell v. Campbell*, 54 Wis. 90.

The charge excepted to is a fair definition of the crime of larceny.—*Rountree v. The State*, 58 Ala. 381 ; 2 Whar. Am. Cr. Law, §§ 1769 *et seq.* If it declared the rule strictly, when considered in connection with the facts, that was a subject for an explanatory charge, and presents no ground for reversal. In one aspect the charge was unduly favorable to the plaintiff. It impliedly cast on Musgrove, the defendant, the burden of showing the words spoken " were not intended to convey, and did not convey to those who heard them, the meaning that Long stole the ballot boxes," etc. The *onus* rested on the plaintiff to establish this affirmative feature of his case.

Affirmed.