| 93 | 101 |
| 94 | 236 |
| 93 | 101 |
| 100 | 519, |

# *Ex parte* Tillman.

*Application for Mandamus to Chancellor, in matter of Receiver.*

1. *Levy of attachment on property pending receivership; mandamus not granted when nugatory.*—Property in the hands of a rece·ver appointed by the register having been delivered by him to the defendant in the suit, who had taken an appeal to the chancellor and executed a statutory bond (Code, §§ 3534–35), and attachments being levied on it while thus in his possession; after which, on the hearing of the appeal, the chancellor affirmed the register's order for the appointment of a receiver, but appointed the sheriff as receiver instead of the person first appointed, directing him to hold the goods on which the attachments had been levied separate and apart from the residue of the property, and not to allow it to be replevied, and ordering that the liens of the attaching creditors be held in abeyance until the further order of the court, or until the final determination of the suit : *held*, that the defendant was not entitled to have the attached property restored to his possession, on the ground that the levies were void because the property was in the custody of the court at the time ; and that, even if an order for such restoration might have been properly granted when asked, this court would not award a *mandamus* to compel it after an affirmance of the chancellor's interlocutory decree on appeal.

APPLICATION by petition by William L. Tillman, for a *mandamus* to Hon. JOHN A. FOSTER, presiding in the Chancery Court of Butler county, requiring him to order Jabez F. Brown, who was the sheriff of said county, to restore to the possession of the petitioner certain personal property, which said Brown held as a receiver in a chancery suit, under the facts stated in the opinion of the court. Chancellor FOSTER had refused to order the restoration of the property, and hence the application to this court. A rule *nisi* was issued on the filing of the petition, to which an answer was filed by Chancellor FOSTER ; and the case was heard and decided on the petition and answer.

J. C. RICHARDSON, for the petitioner.—By the filing of their bill, and the service of process under it, the complainants acquired a lien on all the property embraced in the alleged fraudulent conveyance to Tillman, which lien is in the nature of an equitable levy.—*Crawford v. Kirksey,* 55 Ala. 303 ; *Matthews v. Insurance Company,* 75 Ala. 90 ; *Dargan v. Warren,* 11 Ala. 994 ; *Miller v. Sherry,* 2 Wall. 249. When a receiver was appointed by the register, and took possession

[Ex parte Tillman.]

of the property, it became a fund in court to abide the result of the litigation; and the court will not permit third persons to interfere with its process, or to disturb the possession of its officers and custodians.—*Dugger v. Collins,* 69 Ala. 330; *Read & Co. v. Sprague,* 34 Ala. 104; *Dollins v. Lindsey,* 89 Ala. 219; *Wiswall v. Sampson,* 14 How. 34; High on Receivers, §§ 151, 161; Beach on Receivers, § 221. On the appeal by the petitioner from the order of the register, and his execution of the statutory bond (Code, §§ 3534–5), he became entitled to the possession of the property, and was its legal custodian; and the levy of attachments on it, at the instance of other persons claiming to be creditors, was without the permission of the court, and necessarily void; nor has the legal custody of the property by the court been destroyed or impaired by any thing that has since been done in the case. 5 Biss. 66; *Bank v. Shermerhorn,* 1 Clarke, N. Y. 207; *Cordeman v. Malone,* 63 Ala. 558; *Kemp v. Porter,* 7 Ala. 138; 53 Ala. 13; 6 Ala. 46; 64 Ala. 343; 19 Ala. 76; 72 Ala. 259; High on Receivers, §§ 136, 151, 161; 14 How. 65.

GAMBLE & POWELL, *contra.*—When the attachments were levied on the property, it was not in the custody of the law, nor in the custody of any legal officer. The petitioner had acquired the possession by the execution of a statutory bond, which suspended the appointment of the receiver, but did not require him to have it forthcoming to abide the result of the suit; and he might have sold or otherwise disposed of the property, leaving the complainants to their action on the bond for damages, and other creditors without remedy, unless they could lawfully levy on the property. Even if the levies were irregular and unauthorized, the chancellor has so far recognized their validity that the petitioner in this case can not assail them while the question is still pending and undecided in the court below. If the petitioner has been in any way injured, a *mandamus* from this court is not the proper remedy. 84 Ala. 259; 58 Ala. 188; 46 Ala. 312; 59 Ala. 639.

CLOPTON, J.—This proceeding is an application by the petitioner, William L. Tillman, for a *mandamus,* commanding the Chancellor of the South-eastern Chancery Division to order the restoration of personal property, which the receiver, appointed by the Chancery Court, took from his possession and retains, on the ground that two writs of attachment had been levied thereon. As appears from the petition and the answer of the Chancellor, the right to possession is founded on the following facts: A bill having been filed by the cred-

[Ex parte Tillman.],

itors of George P. Heard, to annul and set aside as fraudulent two transfers of his goods and merchandise, to petitioner and A. A. Heard, respectively, the register, on the application of the complainants, appointed R. S. Pilley receiver, January 10, 1891; who gave bond, and took possession of the property on the day of his appointment. January 13, the petitioner appealed from the order of the register to the Chancellor, and executed bond in the sum prescribed by the register, payable and conditioned as required by section 3535 of the Code. Upon approval of the bond, the receiver delivered to petitioner the goods which had been taken from his possession. After delivery, J. F. Brown, the sheriff of Butler county, levied on a portion of the goods, while in possession of the petitioner, two writs of attachment, sued out against the estate of George Heard by other creditors, and took possession. On January 19, the Chancellor affirmed the order of the register appointing a receiver, except that in lieu of Pilley he appointed Brown, authorizing and directing him to take and hold possession of all the goods. From the order of the Chancellor petitioner appealed to this court, and in order to supersede it, executed a bond as required by section 3628 of the Code. On notice of the appeal and execution of the bond, the receiver delivered the goods to petitioner, excepting the portion on which the attachments had been levied.

The writ of *mandamus* will be granted only when there is a specific legal right, and no other specific and adequate legal remedy. If conceded that the appeal from the order appointing the receiver and the execution of the *supersedeas* bond would ordinarily entitle the appellant to restoration of the property, which we do not decide, it is manifest he is not entitled to such restoration unless the levies are illegal and void *in toto*. The contention of petitioner is, that by filing the bill, and service of process, the complainants therein fastened a lien on the goods, which, by the appointment of a receiver, were put in *custodia legis*, to abide the result of the litigation; that the levies of the attachments could not, and did not, operate to impair or destroy this lien, and any proceeding instituted in another court, the effect of which is to interfere with the court's custody of the property, or to avoid its jurisdiction to subject it to the demands of the complainants, or to impede the full exercise of such jurisdiction, is illegal and void.

Courts of equity are exceedingly adverse to any interference with the possession of their receivers, which is deemed the possession of the court. They jealously and vigilantly guard, and maintain against obstruction under process of an-

[Ex parte Tillman.]

other court, their exclusive authority and right to adjudicate upon, and distribute the fund in their custody among those entitled. Accordingly, the general rule is, that if a judgment creditor desires to proceed against property in *gremio legis* for the enforcement of a lien, he must first apply to the court appointing the receiver, to release it from his custody, or, at least, obtain permission to proceed against it, subject to the court's determination of the priority of right or lien. In *Wiswall v. Sampson*, 14 How. 52, it was ruled, that a sale of real estate, while in the custody of a receiver, under execution at law, is illegal and void, conferring no right or title on the purchaser. This ruling was approved and adopted in *Dugger v. Collins*, 69 Ala. 324. The policy of the law forbids the levy and sale of property, while in the possession of a receiver appointed by the Chancery Court, under execution founded on the judgment of another court, such interference tending to impair, if not override, the receiver's authority to manage the property under the direction of the court, and to produce a conflict of jurisdiction. As a general proposition, the validity of proceedings in another court ends where interference with the possession of the receiver, or the custody of the court, or the invasion of its jurisdiction, begins. As the case is presented by the record, it is unnecessary to consider whether the rule is subject to any, and what, qualifications.

It appearing that the goods were in his possession when the attachments were levied, petitioner insists, that the receiver having delivered the goods to him upon taking the appeal from the order of the register, and executing the prescribed bond, he became the legal custodian—the appeal and bond not having effect and operation to take the goods from the custody of the court—and that the levies of the attachments were illegal and inoperative. In support of the insistence, petitioner invokes the application of the rule, that when an execution has been levied on personal property, and bond given under the statute to try the right thereto, a second levy can not be made on the same property under a junior execution during the pendency of the claim suit. The principle, on which the rule rests, is inapplicable. The claimant's bond is conditioned for the forthcoming of the property in the event of its condemnation; and the statute directs, that, upon the execution of the bond, the possession shall be delivered to him, thereby constituting him "the law-appointed custodian of the property."—*Spencer v. Godwin*, 30 Ala. 355. Such is not the condition of the bond given by petitioner; its condition is, "to pay the appellee all such costs and damages as he may sustain in case the appeal is not prosecuted to effect." Possession of

[Ex parte Tillman.]

the property is not necessary to enable him to perform the condition of his bond, and the statute is silent as to what disposition shall be made of the property upon the execution of the bond.

If it be conceded, however, that, when the attachments were levied, the property, though in fact in the possession of petitioner, was still in the custody of the court, and not sub-ject to levy under the attachments, there are two sufficient reasons why the *mandamus* should be denied.

*First :* Unquestionably, the Chancery Court had authority to permit the levies of the attachments, and had they been levied by leave of the court first obtained, the levies would have been legal and valid. Any interference with the custody of the court, caused by the levies, was remedied and displaced, and the right and power of the court to adjudicate upon the priorities of liens, and distribute the fund to those entitled, was asserted and maintained by the order appointing Brown receiver, and directing him to hold all the goods, those levied on and not levied, as receiver. The chancellor further directed him to hold the portion on which the attachments were levied separate from the balance, and ordered that any lien acquired thereby be, not discharged, but held in abeyance until the further order of the court. This action of the chancellor was a recognition of the levies and the lien created, and, as respects their legality and validity, has the same force and effect as previous permission to make them. It was intended to pre-vent the injustice and prejudice which might ensue to attach-ing creditors, from denying them the use of legal proceedings necessary to secure the appropriation to their claims, if the property should be condemned, of the surplus of the fund, after satisfying prior liens. The levies of the attachments are not assailable by the petitioner in this proceeding.

*Second:* This court has affirmed, on the appeal of peti-tioner, the order of the chancellor appointing the receiver. The affirmance, by relation, vests the title in the receiver as of the date of the original order, and the property is regarded as in the custody of the court from that date. Whatever may have been the right of petitioner to possession when this pro-ceeding was instituted, the period during which that right could have continued has expired, and no writ of *mandamus* can now be awarded.—*Comer v. Bankhead*, 70 Ala. 136.

*Mandamus* denied.