[Chandler v. Francis Vandergrift Shoe Co.]

# Chandler *v.* Francis Vandegrift Shoe Company.

*Motion against Sheriff, for Money collected under Legal Process.*

1. *Summary proceedings against sheriff.*—The statutory provisions giving summary judgments against a sheriff, for various specified defaults in the execution and return of process, &c. (Code, §§ 3095–3113, 3325–29), apply only to the particular defaults specified, relating only to process which came to his hands, and are not to be extended by construction; and when the statutory remedy is invoked, the record must show a strict compliance with all the statutory provisions.

2. *Same; levy by constable on property in possession of sheriff; agreement as to levy and lien.*—When a constable undertakes to levy an execution from a justice's court on property which is in the possession of the sheriff under levy of prior process, and the sheriff thereupon agrees that the constable's execution shall stand as the next levy on the property; if this constitutes a valid levy by the constable, and if the sheriff's agreement is valid and binding,—questions which are not decided,—the remedy of the plaintiff in the execution to enforce it is not a summary motion against the sheriff requiring him to pay over the surplus moneys remaining in his hands.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This was a motion by the appellee, not otherwise described in the record, against William Chandler, the sheriff of the county, requiring him to pay over, out of the proceeds of a stock of goods which had been sold under legal process against Gamble & Brother, the amount due on a judgment which the appellee had recovered against said Gamble & Brother, and on which, as the appellee claimed, an execution had been levied by a constable while the goods were in the possession of the defendant as sheriff, under the prior levy of attachments in his hands against said Gamble & Brother. The defendant moved to overrule and dismiss the motion, on the ground that the court had no jurisdiction of it; and reserved an exception to the overruling of his motion, as also to the judgment of the court granting the motion on the evidence adduced. The overruling of the objections to the motion, and the judgment granting it, are now assigned as error.

ABERCROMBIE, BILBRO & WHATLEY, for appellant.—(1.) There was no valid levy by the constable, because the property was

[Chandler v. Francis Vandegrift Shoe Co.]

already in the custody of the law.—*Abrams v. Johnson*, 65 Ala. 465; *Goode & Ulrick v. Longmire*, 35 Ala. 668; 7 Amer. & Eng. Encyc. Law, 148, 129, note. (2.) The sheriff's agreement to hold the property subject to the levy of the constable's execution, or any other agreement by him in reference to it, was without consideration and void. (3.) Even if there was a legal levy by the constable, and if the sheriff's agreement to hold the property subject to it should be held valid and binding, the court had no jurisdiction to render judgment against him in this proceeding, which does not conform to statutory provisions, and can not be referred to the inherent power of the court over the execution of its own process.

JAS. L. TANNER, *contra.*—(1.) It is admitted that, as a general proposition, goods in the custody of the law are not subject to levy under further process; yet, if the officer in possession consents and agrees to hold it under further process, this is a valid levy of the other process on the surplus remaining in his hands.—Freeman on Executions, § 135 ; *McCullough v. McClintock*, 88 Ala. 567; *Watson v. Todd*, 6 Mass. 271; 83 N. Y. 231. (2.) The agreement between the sheriff and the constable was based on a valid consideration.—*Lyman v. Low*, 25 Vt. 405. (3.) The fact that the goods, at the time of the levy by the constable, were in the possession of the sheriff under prior levies, did not change the title to the property, but left the surplus liable to the levy and satisfaction of other process.—*Atwood v. Pierson*, 9 Ala. 656. (4.) In levying the plaintiff's execution, the constable took such possession of the property as was practicable, and it was sufficient to give notice to other persons.—*Goode v. Longmire*, 35 Ala. 668; *Blake v. Hatch*, 25 Vt. 555; *Heminway v. Wheeler*, 14 Pick. 408. (5.) The sheriff's agreement, while in possession of the goods, to hold them subject to plaintiff's execution as a third lien, was an abandonment of his possession of the goods in excess of the prior possession in his hands.—*Carrington v. Smith*, 8 Pick. 419; *Sanderson v. Edwards*, 16 Pick. 144.

WALKER, J.—An execution was issued on a judgment recovered by the appellee before a justice of the peace against Gamble & Brother, and was placed in the hands of a constable, who made a return thereon stating that it had been levied on certain personal property, subject to two attachments in the hands of the sheriff. The constable did not take possession of the property claimed to have been levied on, but it was

[Chandler v. Francis Vandegrift Shoe Co.]

retained by the sheriff, and was sold by him for more than enough to pay off both the prior attachment claims and the judgment of the justice of the peace.   The sheriff agreed with the constable that the execution held by him should be third in point of levy; but thereafter, on the same day, the sheriff levied other writs of attachment from the Circuit Court upon the same property.   Appellee entered a motion in the Circuit Court against the sheriff alone, for an order to require him to pay over the amount of the judgment of the justice of the peace, which, including the costs, was more than one hundred dollars.   The Circuit Court made the order moved for, not-withstanding the objections interposed by the defendant.

The statutes authorize the Circuit Court to render sum-mary judgments against a sheriff for certain specified defaults. Code of 1886, §§ 3095 to 3113.   Justices of the peace may also, on motion, render judgments, not exceeding one hundred dollars, against a sheriff for certain like defaults.—Code of 1886, §§ 3325 to 3329.   These summary remedies are appli-cable only in the particular cases specified by the statutes, are not to be extended by construction, are grantable only in strict conformity to the statute ; and the record must disclose every fact necessary to entitle the party to such remedy, and that it has been pursued according to the statute.—2 Brick. Dig., 464, §§ 1 and 6 ; 3 Ib. 751 ; *Warwick v. Brooks,* 70 Ala. 412.   There is no statutory authority for a summary judgment against the sheriff in a case like this one.   The statutes above referred to authorize such judgments against sheriffs for cer-tain acts of negligence or misfeasance in failing to do what is required of them by process coming to their hands.   They are intended to afford prompt redress for certain delinquences in the discharge of particular ministerial functions.   In each of the cases mentioned by the statutes the default authorizing a summary judgment consists in a failure to perform a duty im-posed by process the execution of which has been intrusted to the officer proceeded against.   Those statutes do not extend to the case of a breach of duty in regard to process in the hands of another officer.   No case was made for a statutory summary judgment.   Nor did the court have authority, inde-pendent of statutes, to entertain or grant such a motion.   The application was not addressed to the inherent power of the court to control its own process, for the execution under which the money was claimed was issued, not from the Circuit Court, but by a justice of the peace.   The motion was not made in any cause pending in the Circuit Court.   There is no authority to proceed on such a state of facts by a motion against the sheriff.   If the facts alleged give a cause of action in favor of

the appellee against the sheriff, it should be asserted by suit in some regular authorized mode. Furthermore, the other parties interested in the disposition of the money realized by the sheriff from the sale of the property levied on by him were not in any way made parties to the motion. In their absence, the matter sought to be presented could not be finally disposed of.—*Gusdorf v. Ikelheimer*, 75 Ala. 158; *Henderson v. Richardson*, 5 Ala. 349. The Circuit Court was without jurisdiction to entertain the motion, and the defendant's objection on that ground should have been sustained.

It is not decided that the constable could make a valid levy on goods, the possession of which was retained by the sheriff, or that what was done amounted to a levy, or that the agreement made by the sheriff was binding on him. If those questions shall be presented in a proper manner, the following authorities may be consulted: 1 Freeman on Executions, (2d Ed.) § 135; 2 *Ib.* § 267; 7 Amer. & Eng. Encyc. of Law, 126; *Townsend v. Corning*, 40 Ohio St. 335; *Penland v. Leatherwood*, 9 Amer. St. Rep. 38; *Goode v. Longmire*, 35 Ala. 668; *Abrams v. Johnson*, 65 Ala. 446; *Ex parte Tillman*, 9 So. Rep. 527; 93 Ala. 101.

The judgment is reversed, and the motion is hereby dismissed in this court at the cost of the appellee.

Reversed and rendered.