# Garrison v. Webb, *et al.*

*Motion at law to determine priority as between attachment liens.*

1. *Priority of liens of attaching creditors.*—Where after entry under a lease of certain described "land and privileges," including the right to erect and operate a sawmill, the lessees erected the sawmill, and the lessors put up a building used by the lessees as an office, a creditor attached certain machinery, the property of the lessees, which had been placed under a shed built over the engine room of

[Garrison v. Webb *et al.*]

the mill by the lessors, and the latter subsequently attached the same property for rent; the creditor's lien was superior to that of the lessors, the latter not being "the landlord of any storehouse, dwelling house or other building," within Code, § 3069, providing that such landlord shall have a lien for rent on the personal effects of his tenant, which shall be superior to all other liens, except those for taxes.

2. *Funds in hands of sheriff may on his motion, or of any person interested, be distributed on order of court.*—Where a ,fund has been brought into a court of law under its process and is in the hands of the sheriff, to which there are rival claims, the court may on motion, or application, of the sheriff stating the facts, and upon notice to the parties in interest, declare the rights of the parties and direct the sheriff to proceed according to its order in the distribution of the fund, and from such order any person aggrieved by the order may appeal to the Supreme Court; so, in like manner, any person interested in the fund may apply to the court for its direction to the sheriff and for the determination of the conflicting rights.

3. *Priority as between attaching creditors as to money paid over to one of them by sheriff cannot be determined on summary motion.*—One claiming a lien by attachment on personalty, though having priority of right, cannot, on summary motion merely, recover from another an amount paid to him under a subsequent attachment, by the sheriff out of a fund in the latter's hands to which both parties assert conflicting liens.

4. *Error without injury.*—Where on appeal it appears that the trial court rendered a correct judgment, but for a wrong reason, not infecting the judgment with error, such error of opinion will not operate a reversal.

5. *Jurisdiction exercised by Supreme Court by writ of mandamus.* The jurisdiction which the supreme court exercises by mandamus, in reviewing non-appealable interlocutory orders, not affecting the final judgment of the lower court, and which, therefore, cannot be revised on an appeal from such judgment, is appellate in its character, and cannot be invoked by a stranger to the proceeding in which the order or decree, sought to be subjected to examination in the supreme court, was made or rendered.

6. *Same; case at bar.*—Where personal property belonging to a debtor was attached by A. a creditor, and, while in possession of the sheriff, was again attached by defendant, another creditor, and, having been sold, the proceeds were by order of court, in defendant's case, paid over to the latter; mandamus will not lie to compel the court to vacate such order, at the instance of A, who was a stranger to the proceedings in which the order was made.

APPEAL from the Circuit Court of Marengo.
Tried before Hon. JAMES T. JONES.

[Garrison v. Webb *et al.*]

The facts of the case are sufficiently stated in the opinion.

GESNER WILLIAMS, for the petitioner.—1. The engine boiler, saw mill, shed and store house and office were manufacturing fixtures and could be removed.—*Cap. City Insurance Co. v. Caldwell Bros.* 95 Ala. 90 ; *Tillman v. DeLacy*, 80 Ala. 103 ; 83 Ala. 155 ; *Rogers v. Prattville Mfy. Co.* 81 Ala. 486 ; *DeLacy v. Tillman*, 83 Ala. 155 ; *Langston v. State*, 96 Ala. 44; quoting *Tillman v. DeLacy*, 70 Ala. 230; 8 Amer. and Eng. Ency. of Law, pp. 49, 58 and notes, 24 Ala. 493 ; *Ex parte Barnes*, 84 Ala. 79, 543.

2. Has a landlord of premises a lien enforceable by attachment, on property in a building which building is a trade fixture, and erected by the tenant after the contract of lease has been entered into?　Code of 1886, § 3069 and authorities under proposition on fixtures *supra*.　Also *Union W. H. & Elevator Co. v. McIntyre*, 84 Ala. 79.

3. The constitution and laws do not create the lien except in the two cases of *farm land* and for *buildings*, and the lien then attaches.—*Ex parte Barnes*, 84 Ala. 542.

4. And the lien cannot attach by a subsequent erection of the buildings for trade purposes, by the tenant. *Ex parte Barnes*, 84 Ala. 542; Code of 1886, § 3056 and 3069.

5. The motion for mandamus will lie to circuit court to compel the annulling and vacating of an order which in its nature is interlocutory.—*Stanton v. Heard*; *Mcdonald v. Same*, 14 So. Rep. p. 360.

TAYLOR & ELMORE for the respondent.

HEAD, J.—The record brings to view a controversy between two creditors of a common debtor, seeking to collect their claims through the instrumentality of attachment process.　On July 21st, 1893, J. V. Garrison, the appellant, sued out an attachment against Grosjean, Brosius & Hanson for $760, which writ was levied by the sheriff upon certain machinery etc., found on the saw mill site of the defendants in Demopolis, and on March 7th, 1894, the plaintiff in the suit recovered a judgment against the defendants therein for $822.20. On August 2d, 1893, Sallie C. Webb sued out an attach-

[Garrison v. Webb *et al.*]

ment, from the court to which the other writ was re-
turnable, against the same defendants, for the sum of
$1,000, claimed to be due her "as landlord for rent of a
saw mill and premises attached." This attachment was
likewise levied upon the property which the sheriff then
had in his possession under Garrison's writ, as his re-
turn thereon showed. On the 12th of October, 1893, in
Mrs. Webb's case, upon her motion, the property hav-
ing been sold by the sheriff in August, 1893, for $419.25,
as perishable or expensive to keep, it was ordered that
said sum, less $75, as the probable costs of her suit, be
paid to her, upon her executing a refunding bond paya-
ble to the defendants, with the conditions prescribed by
section 2960 of the Code. The defendants in attach-
ment resisted the granting of this order, but Garrison
was not a party to the proceeding. On March 8th,
1894, the day after he recovered his judgment. Garrison
under a caption stating both cases, made a written mo-
tion in the circuit court, setting out fully what had oc-
curred, also that the sale had been made under both at-
tachments, and that Mrs. Webb had given the refund-
ing bond required of her by the court's order, and had
received the proceeds, with the exception of $75, which
had been withheld for probable costs. He also averred
that she had no prior lien, and he therein prayed the
court to vacate said order made in said cause of Sallie
C. Webb, to order the proceeds of said sale under said
attachment writs theretofore paid to her, to be paid into
court by said Sallie C. Webb, and to further order same
paid over to him as a credit on his judgment. As sup-
porting his contention that Mrs. Webb had no lien he
set forth the lease made by herself and husband, John
C. Webb, to the defendants in attachment, dated Jan. 11th,
1893, and running for five years, whereby at a rental of
$200 per year, they leased to said parties "certain de-
scribed land and privileges." The land was described by
metes and bounds and the privileges were as follows :
(1.) To tap a bored well with one pipe not over one
inch in diameter, and by means of said pipe to run wa-
ter from said well to use exclusively in the saw mill on
said property ; (2), the right to erect the saw mill on
said land and run same ; (3), the right to use the rail-
way track of the lessors from the river for getting up
timber or anything else for use in said mill business;

(4), right of way to get to said saw mill, not to exceed fifty feet in width, from the railway track around the compress and ice house of the lessors, for said railway if necessary ; and, (5), the privilege of the landing and the right to tie rafts etc. to timber or land across said river from said saw mill site.

The motion of Garrison further averred that all the buildings on said lands were erected by the lessees after their entry and possession; that the property levied on was put upon the leased premises, and under a shed erected over the engine and boiler of said saw mill; that one of the buildings consisted of a room twelve by fifteen feet, erected by the lessors, and used as an office and storeroom by the lessees in their saw mill business, the shed over the boiler and engine having been also erected by the defendants to preserve same, and these being all the buildings ; that the lessees entered under said lease, erected their saw mill and appurtenances, and put the mill in operation. The motion further stated that Mrs. Webb had, at that time, recovered no judgment, all of her debt not having matured.

The judgment of the court, under a caption describing both the suits of Garrison and Sallie C. Webb, recites the substance of the motion, states that it was argued by counsel for Garrison and Mrs. Webb, and then orders simply, that the motion be overruled. To this ruling of the court Garrison duly excepted.

1. From the foregoing statement of the lease contract between Mrs. Webb and the defendants in attachment, referred to in the motion, which the facts contained in the bill of exceptions fully establish, we think it too clear for argument, that Mrs. Webb was not "the landlord of any storehouse, dwelling house or other building" within section 3069 of the Code, and hence that she did not have a lien upon the personal property of the tenants found upon the rented premises. There was no building whatever upon the leased land, nor did the lessors erect or agree to erect any, which might serve as "the leading inducement for taking the lease," as in *Union Warehouse & Elevator Co. v. McIntyre*, 84 Ala. 78. The attachment of Garrison, therefore, being prior in point of time, he had the prior lien, superior to the claim of Mrs. Webb under her attachment, upon the proceeds of the sale of the attached property, in the hands of the sheriff.

2. It becomes necessary now to inquire whether the appellant has pursued an appropriate method of obtaining the benefit of the priority, to which we have declared he was entitled. It has long been the practice in this State for the circuit court to settle rival claims to funds in the hands of the sheriff, brought into court under its process, and to proceed in such cases in a summary and informal manner. This may be done upon the application of the sheriff, who states the facts to the court, whereupon notice is given to the parties in interest and they are permitted to come in and propound their claims. The court will then declare the rights of the parties and direct its officer to proceed accordingly in the distribution of the funds. Such a proceeding takes the form of a controversy between the rival claimants, and any person aggrieved by the decision may appeal to this court.—*Jones v. Calloway*, 56 Ala. 46, and authorities cited. So, also, may the parties interested in the fund or either of them apply to the court for its direction to the sheriff and for the determination of their respective rights.—*Gusdorf v. Ikelheimer*, 75 Ala. 157; *Turner v. Lawrence*, 11 Ala. 426. In such cases, the sheriff is not a party to the controversy, but his position is analogous to that of a receiver in a court of equity. He can not appeal from the decision of the court, because it is a matter of no concern to him to whom the fund is to be paid, provided the court has the parties in interest before it, and can thus make an order which will fully protect him.—*Henderson v. Richardson*, 5 Ala. 349; *Langdon v. Raiford*, 20 Ala. 532; *Governor v. Bancroft*, 16 Ala. 605. And the court ought not to make an order of distribution, if it appears there are other claimants, who have not been brought into the proceeding.—*Chandler v. Francis, Vandegrift Shoe Co.*, 94 Ala. 233. As we said in *Gusdorf v. Ikelheimer, supra*, "the application is summary, addressed to the inherent power of the court to control its own process, preventing its misuse or abuse, and protecting its officers against the conflicting claims of suitors." It remains to be seen whether or not the motion made in the circuit court by the appellant can be sustained, as authorized by the line of authority to which we have referred. It will be observed from an examination of the motion and its prayer, that it is not a motion against the sheriff nor is it a proceeding to secure the in-

[Garrison v. Webb.]

struction and advice of the court, in the matter of conflicting claims to a fund, shown to be in the hands of the sheriff as the officer of the court. Mrs. Webb, of the claimants, has received that portion of the fund embraced within the scope of the motion, from the sheriff and is asserting no further demand thereto against him.

And furthermore, the motion of appellant proceeds upon the theory, whether correct or not as to him we need not say, that so much of the fund as he seeks to recover, has been paid over to Mrs. Webb, and is not in the hands of the sheriff at all, the sole aim of the proceeding being to procure the restitution of that amount from her. No order or adjudication whatever is asked with reference to the sum of $75, withheld by the sheriff for costs, which amount the motion showed still remained in his hands. No case has been discovered which proceeded so far as to allow one claimant, although having priority of right, upon summary motion merely, to recover from another an amount paid to him by the sheriff, out of a fund in his hands, to which both asserted conflicting demands. The vacation of the order, by virtue of which the sheriff acted, was of no concern to Garrison. He was not a party thereto and it could not prejudice his rights. As we have said, the court could not render a summary judgment against Mrs. Webb in his favor, and an order to her to restore the money could not be enforced by contempt proceedings, since she did not hold the fund as the servant of the court, in any respect, as the sheriff does. If disobeyed, such an order would be of no benefit to appellant. The court will, therefore, not do the vain thing of making an order it can not enforce. Nor could the circuit court grant the prayer of the motion that the amount paid to Mrs. Webb be ordered paid over to him, for the reason that it would be idle to do so until Mrs. Webb had restored the money, and that she might never do. We, therefore, conclude that the court properly overruled the motion. What the appropriate remedy is, or against whom redress should be sought by the appellant, are questions not now before us, and upon them we express no opinion.

The circuit court did not adjudge the respective rights of the contesting parties to the proceeds of the sale, but simply declared by its judgment that the motion be overruled. The bill of exceptions states the holding of the

[Ladd *et al.* v. Smith, Trustee &c.]

court upon a question of law, which was doubtless debated; and we may infer that the circuit court was influenced in its action by an opinion contrary to that entertained by us, upon the claim of Mrs. Webb to a landlord's lien. If this be so, the record simply presents the case of a correct judgment based upon a wrong reason, and for this error of opinion, not infecting the judgment with error, we could not reverse.

3. Along with the submission upon the appeal, application is made, upon the record, for a writ of *mandamus* to the circuit judge requiring him to vacate the order made in Mrs. Webb's case, under which the sheriff paid over to her a portion of the fund derived from the sale. We are also asked, by the writ to command the circuit judge to order restitution by Mrs. Webb, and to then direct payment to Garrison of the amount. Upon these latter requests, we need add nothing to what we have already said in considering the motion made to the same effect, in the circuit court.

With respect to so much of the prayer for the writ, as has in view a vacation of the order referred to, we need only say, that the jurisdiction, which this court exercises by means of the writ of *mandamus*, in reviewing non-appealable interlocutory orders, not affecting the final judgment of the lower court, and which therefore can not be revised on an appeal from such judgment, is appellate in its character, and can not be invoked by a stranger to the proceeding in which the order or decree sought to be subjected to examination here, was made or rendered. We can no more revise or order the vacation of an interlocutory order, in which the parties thereto have acquiesced, by *mandamus*, at the instance of a stranger to the suit or proceeding, than we could entertain an appeal by him from the final judgment or decree.

For these reasons, the judgment of the circuit court must be affirmed, and the writ of *mandamus* denied.