[Gillespie v. Bickley, et al.]

# Gillespie *v.* Bickley, *et al.*

*Motion by Sheriff to Settle Claims of Adverse Claimants to Funds in His Hands.*

(Decided April 7, 1910.   Rehearing denied June 30, 1910.   53 So. 108.)

*Summary Proceedings; Settlement of Adverse Claim; Who May Litigate.*—On the application of the sheriff stating the facts and with notice to the parties, the circuit court may settle rival claims to funds in the hands of the sheriff and proceed in such cases in a summary and informal manner, but such course can only be pursued to protect a sheriff against conflicting claims, and a claimant who does not claim under legal process is not entitled to litigate in such proceedings with those who do so claim.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Motion by A. F. McClesky, as sheriff, to settle claims of E. L. Bickley, W. H. Gillespie, and others to funds in the hands of the movant. From a judgment sustaining a motion to strike the claim of said Gillespie, he appeals. Affirmed.

On the 16th day of June, 1909, A. F. McClesky, as sheriff of Colbert county, filed his motion in the circuit court of that county, stating that he had in his hands $1,622.32, being the proceeds of a stock of drugs and store fixtures upon which he had levied three attachments, and which was covered by a mortgage for the purchase money, executed before either of the attachments were issued. The motion recites that two of the attachments were issued in favor of E. L. Bickley, one in favor of the Merchants' Bank, and the mortgage was owned by W. H. Gillespie, that all three parties are claiming the money, and that he is unable to determine how it should be disbursed, and prays that the parties be required to propound their claims, so the court may

instruct him what to do with the money. In response to his motion each of the three parties propounded their claims without objection. The claim made by E. L. Bickley is that on the 21st of June, 1906, he sued out two attachments in the circuit court of Colbert county against one E. R. Nellis to enforce a lien for rent on the storehouse in which the stock of drugs and store fixtures were kept. The claim made by the Merchants' Bank is that on the 20th day of April, 1906, it sued out an attachment against E. R. Nellis in said court, and had it levied on the stock of drugs and store fixtures on May 12, 1906, at 10 o'clock a. m., and that judgments were recovered on its claim against Nellis on the 21st day of June, 1906, for the sum of $828.33; and the property condemned to the payment of the judgment. The claim made by W. H. Gillespie is that on and prior to February 20, 1905, he owned the stock of drugs and the store fixtures referred to in the sheriff's motion, and on the 21st day of February, 1905, sold them to E. R. Nellis on a credit, and a mortgage was given him by said Nellis on the fixtures to secure the purchase price; that the sale to Nellis and the execution of the mortgage constituted one and the same transaction; and that $150 of the mortgage debt was unpaid at the time the attachments were levied, and therefore his claim to the money arising from a sale of the fixtures is superior to that of the other claimants. After the three claimants, had interposed their respective claims, E. L. Bickley and the Merchants' Bank filed their motion in court to strike the claim of Gillespie. The court sustained this motion, and from its judgment striking his claim, Gillespie prosecutes this appeal.

For further information, see the case of *Gillespie v. McClesky*, 160 Ala. 289, 49 South. 362.

[Gillespie v. Bickley, et al.]

KIRK, CARMICHAEL & RATHER, for appellant. The courts may settle rival claims to funds in the hands of the sheriff at the suggestion and application of the sheriff, and the courts will then declare the rights of the parties and direct its officers to proceed accordingly.— *Garrison v. Webb,* 107 Ala. 504; *Chandler v. Vandegrift Shoe Co.,* 94 Ala. 236. Such a proceeding takes the form of a controversy between rival claimants and any person aggrieved by the disposition may appeal.—*Garrison v. Webb, supra;* 11 Cyc. 671. Gillespie having, on the invitation of the sheriff, come into court and submitted to its jurisdiction, the court can proceed to a final adjudication of the question as well as if he had been one of the original litigants asserting his claim by attachment.—11 Cyc. 676; 3 Mayf. 1196; *Garrison v. Webb, supra.* There was no res adjudicata as to Gillespie's claim.—*Gillespie v. McClesky,* 49 So. 262; *Glasser v. Meyrovitz,* 117 Ala. 152; 119 Ala. 153.

GEORGE P. JONES, ALMON & ANDREWS, and W. P. & W. L. CHITWOOD, for appellee. Gillespie's rights were adjudicated in the case of Gillespie against McClesky, first tried in the circuit court and afterwards on appeal to the Supreme Court, where it is reported in 49 So. 362.—*Bains v. Wells,* 107 Ala. 562; *Nelson v. Webb,* 54 Ala. 436. Gillespie was in no position to intervene and have his claim settled, as he had not invoked the process of the court.—*Gustorf v. Ikelheim,* 75 Ala. 157; *Turner v. Lawrence,* 11 Ala. 427. To have considered his claims would have been the marshalling of assets, and the adjustment of the equitable claim of the rival claimants which cannot be done in a court of law.— *Lockett v. Hurt,* 57 Ala. 198; *Ray v. Womble,* 56 Ala. 32; *Williams v. Rogers,* 5 John. 163. There was nothing from which Gillespie could appeal, and hence, his

appeal should be dismissed ex meru motu.—*Barclay v. Springs,* 80 Ala. 237; *Nabors v. Morris M. Co.,* 103 Ala. 543; *Richardson v. Banks,* 119 Ala. 286.

ANDERSON, J.—It has long been the settled practice in this state for the circuit court to settle claims to funds in the hands of the sheriff and to proceed in such cases in a summary and informal manner. This may be done upon the application of the sheriff, who states the facts to the court, whereupon notice is given to the parties in interest, and they are permitted to come in and propound their claims. The court will then declare the rights of the parties and direct its officers to proceed accordingly.—*Garrison v. Webb,* 107 Ala. 504, 18 South. 297; *Chandler v. Vandegrift,* 94 Ala. 236, 10 South. 353; *Gusdorf v. Ikleheimer,* 75 Ala. 158; *Turner v. Lawrence,* 11 Ala. 429; *Henderson v. Richardson,* 5 Ala. 349. This course can only be pursued, however, to protect the sheriff against conflicting claims of suitors.—*Turner v. Lawrence, supra.* The power should be exercised only when necessary to determine between rival claimants the priorities of legal liens, derived from legal process. —*Gusdorf v. Ikelheimer, supra.*

It has never been the purpose or policy of the law to require parties claiming a fund under process, and which said process put the fund in the hands of the sheriff, to have to litigate in such a proceeding with a party who is not claiming the fund under process issued from the same court. It would be an anomally to compel claimants under process to litigate in this manner with persons not claiming under legal process, and who merely inform the sheriff that they claim the fund in hand. If they have a prior claim to the thing sold, the statute gives them the right to interpose a claim to try the right of property, or they might sue the sheriff

for taking or converting same; but the remedy under discussion was never intended to compel parties claiming liens under process to litigate with a party who was not a rival suitor and who was not claiming under process. It is true the books, in discussing this question, indiscriminately use the words "all claimants of the funds"; but a close analysis of the cases will demonstrate that claimants referred to meant only those who were suitors or claimed under process. It should also be noted that in every reported case the contesting claimants were claiming under process. We may concede that the appearance of the appellant made him a party to the judgment, and that he has the right to appeal; but when he propounded his claim, which was not founded upon process, but upon a mortgage, the trial court did not err in striking said claim.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.

### ON REHEARING.

ANDERSON, J.—Our attention has been called to the cases of *Thompson v. Merriman,* 15 Ala. 166, and *Denham v. Harris,* 13 Ala. 465, cases not cited or considered upon the original consideration of this case. The *Thompson Case, supra,* was an action against the sheriff, and can have no bearing upon this case. The *Denham Case, supra,* did, however, entertain a petition by a landlord, who was not a suitor, but who claimed under a statute then existing preventing the removal of property by the sheriff until the rent was paid. Moreover, the mode of procedure was not questioned, as was done in this case, and we cannot say what the result

would have been, had the execution plaintiff moved to strike or dismiss the claim. We think the rule is properly stated by Brickell, C. J., in the case of *Gusdorf v. Ikleheimer*, 75 Ala. 148, whether decisive of the question there involved or not, and which is as follows: "In either case, the application is summary, addressed to the inherent power of the court to control its own process, preventing its misuse or abuse, and protecting its officers against the conflicting claims of *suitors*. The power has heretofore been exercised only when it was necessary to determine between rival claimants the priorities of *legal liens, derived from legal process*." (Italics supplied.)

The application for rehearing is overruled.


(Decided May 19, 1910.   Rehearing denied June 30, 1910.   53 So. 84.)